UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11720-RGS

NEW SENSATIONS, INC,

v.

DOES 1-201

MEMORANDUM AND ORDER TO SHOW CAUSE

September 21, 2012

STEARNS, D.J.

Plaintiff, New Sensations, Inc. (NSI), is a California corporation and the owner of the copyright for the motion picture "Dirty Little Schoolgirl Stories #4." Compl. ¶ 6. NSI avers that each of the 201 Doe defendants has infringed NSI's copyright by "reproduc[ing] and/or distribut[ing] to the public, at least a substantial portion of the Motion Picture." *Id*. ¶ 13. NSI alleges that other infringers using defendants' Internet accounts through "peer to peer network BitTorrent also have illegally reproduced the copyrighted work. The Doe defendants are unknown to NSI, other than by the IP address assigned to him or her by an Internet Service Provider (ISP).

This matter is currently before the court on NSI's Emergeny Motion for Discovery. *See* Dkt #6. NSI seeks to conduct expedited discovery prior to the Rule

16(b) conference so that it may learn the identity of the defendants by serving Rule 45 subpoenas on the various ISPs.

Pursuant to Fed. R. Civ. P. 20(a)(2), permissive joinder of defendants is proper if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." NSI's Complaint fails to satisfy these threshold requirements. *See Abdullah v. Acands, Inc.,* 30 F.3d 264, 268-269 (1st Cir. 1994). In a similar case, Judge Spero from the United States District Court for the Northern District of California found that permissive joinder was unwarranted. " The copyright infringement claims did not arise out of the same transaction, occurrence or series of transactions or occurrence . . . because "each defendant used the same ISP as well as some of the same P2P networks. . . . [M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *Hard Drive Productions, Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1157 (N.D.Cal. 2011). While "[misjoinder of parties is not a ground for dismissing an action, [o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

With these Rules in mind, the court orders NSI to show cause, within the next

fourteen (14) days, why it should not exercise its discretion under Rule 21 to sever all of the Doe defendants but one, while permitting NSI to refile against each of the defendants in separate actions.

    SO ORDERED.

    /s/ Richard G. Stearns
    _____
    UNITED STATES DISTRICT JUDGE